IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

---

LEONA J. BOOKER,

    Plaintiff,

v.

JEFFREY L. LOONEY and
10 ROADS EXPRESS, LLC,

    Defendants.

NO. _____

JURY DEMANDED

---

## COMPLAINT FOR DAMAGES

---

Comes now the Plaintiff, LEONA J. BOOKER, by and through her undersigned counsel, and hereby sues Defendants, JEFFREY L. LOONEY and 10 ROADS EXPRESS, LLC, and alleges as follows:

### PARTIES

1. At all times relevant to this Complaint, the Plaintiff, LEONA J. BOOKER, was a citizen and resident of the State of Arkansas, residing at 50 Somerset Drive, North Little Rock, AR 72218.

2. At all times relevant to this Complaint, Defendant, JEFFREY L. LOONEY, was a citizen and resident of the State of Tennessee, residing at 433 Womack Street, Doyle, TN 38559.

3. At all times relevant to this Complaint, Defendant, 10 ROADS EXPRESS, LLC, was a limited liability company formed in Delaware having its principal place of business at 2200 Abbott Drive, Carter Lake, IA 51510, which may be served through its Registered Agent as

1

identified through the Tennessee Secretary of State website: Registered Agents, Inc., 5810 Shelby Oaks Drive, Suite B, Memphis, TN 38134.

## JURISDICTION AND VENUE

4. Plaintiff's cause of action arises in tort as a result of injuries and damages sustained due to the negligent operation of a motor vehicle driven by Defendant Jeffrey L. Looney and owned by Defendant 10 Roads Express, LLC in Humphreys County, Tennessee on or about January 31, 2021.

5. Venue is properly situated in this Court pursuant to 28 U.S.C. § 1391(b).

6. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a)(1).

## FACTS

7. On or about January 31, 2021 at approximately 12:57 a.m., the Plaintiff, Leona J. Booker, was operating a 2020 Mitsubishi Outlander in Humphreys County, Tennessee.

8. The Plaintiff was traveling westbound on Interstate 40 in the left lane.

9. Upon information and belief, the Defendant, Jeffrey L. Looney, was operating a 2018 Volvo tractor-trailer at the time of the accident in the same direction of the Plaintiff.

10. Upon information and belief, Defendant 10 Roads Express, LLC owned the vehicle being operated by Defendant Jeffrey L. Looney.

11. The Defendant, Jeffrey L. Looney, was traveling westbound on Interstate 40 in the right lane.

12. While both vehicles were traveling westbound on Interstate 40, the Defendant, Jeffrey L. Looney, failed to appreciate that the Plaintiff's vehicle was already established in the left lane and suddenly and without warning attempted to merge into Plaintiff's lane of travel.

13. Because the Defendant attempted to merge into the Plaintiff's lane of travel suddenly and without warning, he struck the passenger's side of Plaintiff's vehicle.

14. Due to the force of the collision, Plaintiff lost control of her vehicle and overturned on the roadway.

15. As a result of the collision, the Plaintiff sustained serious injuries that required medical attention.

## CAUSE OF ACTION
## NEGLIGENCE

16. The Plaintiff repeats the allegations contained in paragraphs 1 – 15 as though set forth herein verbatim.

17. The Defendant, Jeffrey L. Looney, acted with less than and/or failed to act with ordinary and reasonable care in the operation of the vehicle he was driving.

18. The Defendant, Jeffrey L. Looney, was guilty of the following acts of common law negligence, which are the direct and proximate cause of the injuries complained of herein, to-wit:

    a. Negligently failing to maintain proper control of the vehicle he was operating;

    b. Negligently failing to exercise that degree of care and caution as required of a reasonable, prudent person under the same or similar circumstances;

    c. Negligently failing to keep a proper lookout for other vehicles on the roadway;

    d. Negligently failing to stop the vehicle he was operating in order to avoid the collision; and

3

e. Negligently failing to devote full time and attention to the operation of a motor vehicle.

19. All of the aforementioned actions are imputed to Defendant 10 Roads Express, LLC as the owner of the vehicle involved in the accident and as Jeffrey L. Looney's employer under the doctrine of *respondeat superior* or agency.

## NEGLIGENCE *PER SE*

20. The Plaintiff repeats the allegations contained in paragraphs 1 – 19 as though set forth herein verbatim.

21. Upon information and belief, the Defendant, Jeffrey L. Looney, was guilty of violating one or more of the following statutes of the State of Tennessee, each and every such statute being in full force and effect at the time and place of the collision herein:

    a. Tenn. Code Ann. § 55-8-123. Driving on roadways laned for traffic.

    b. Tenn. Code Ann. § 55-8-136. Drivers to exercise due care.

22. The above-referenced acts of negligence of the Defendant, Jeffrey L. Looney, were the cause in fact and proximate cause of the accident, which resulted in the Plaintiff suffering significant physical injuries and damages.

23. As a direct and proximate result of the Defendant's negligence, the Plaintiff suffered significant and serious injuries which would not have otherwise occurred.

24. All of the aforementioned actions are imputed to Defendant 10 Roads Express, LLC as the owner of the vehicle involved in the accident and as Jeffrey L. Looney's employer under the doctrine of *respondeat superior* or agency.

## DAMAGES

25. As a direct and proximate result of this accident, the Plaintiff, Leona J. Booker, suffered considerable damages. She has undergone extensive medical treatment in an effort to treat, cure and alleviate her injuries and conditions.

26. As a direct and proximate consequence of the accident, the Plaintiff, Leona J. Booker, suffered injuries that have caused her to lose the ability to carry out and enjoy life's normal activities.

27. As a direct and proximate result of the accident, the Plaintiff, Leona J. Booker, suffered:

    a. Right shoulder pain, right flank pain, head pain, neck pain and lower back pain;

    b. Medical care in the past and to be obtained in the future;

    c. Pain and suffering in the past and to be experienced in the future; and

    d. Loss of enjoyment of life.

## RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff, Leona J. Booker, respectfully prays:

1. That the Plaintiff be awarded the present cash value of any medical care and treatment that Leona J. Booker will have to undergo in the future;

2. That the Plaintiff be awarded special damages for medical, hospital and doctors' expenses incurred, according to proof;

3. That the Plaintiff be awarded compensatory damages in an amount not less than One Hundred Thousand and no/100 Dollars ($100,000.00);

4. That the Plaintiff be awarded post-judgment interest as allowed by law;

5. That a jury be empaneled to try the issues when joined; and

6. Such further relief as the Court may deem just and equitable.

                                            Respectfully submitted,

                                            901ATTORNEYS, LLC

                                            s/ David A. McLaughlin
                                            David A. McLaughlin, Esq. (015561)
                                            Attorney for the Plaintiff
                                            254 Court Avenue – Suite 209
                                            Memphis, TN 38103
                                            (901) 671-1551 phone
                                            (901) 671-1571 fax
                                            David@901Attorneys.com